**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DIAGNOSTIC LEASING, INC., a
Florida corporation, for itself and as
Assignee BLOCKER TRANFER COMPANY.
a Florida corporation  d/b/a BLOCKER
TRANSFER & STORAGE CO., INC.

       Plaintiff,                          Case No. 8:16-cv-958-T-36TGW

v.

ASSOCIATED INDEMNITY CORPORATION,
a California corporation,

       Defendant.
_____/

## ORDER

This matter is before the Court on Defendant Associated Indemnity Corporation's Memorandum of Law in Response to Order (Doc. 234), which the Court construes as a motion for attorney's fees and costs.  Upon consideration, the Court will grant Defendant's construed motion and assess monetary sanctions in the amount of $10,113 against Plaintiff's counsel, Kevin C. Ambler, Esquire.

On June 7, 2019, the Court granted in-part Defendant's second motion for sanctions.  (Doc. 233).  Specifically, the Court granted sanctions in favor of Defendant and against Plaintiff's counsel pursuant to 28 U.S.C. § 1927, as the Court found "Plaintiff's counsel unreasonably and vexatiously multiplied court proceedings." (Doc. 233 at 15).  Under § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by

the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

In granting the second motion for sanctions against Plaintiff's counsel, the Court directed Defendant to file a memorandum detailing the costs, expenses, and fees reasonably incurred in connection with preparing and filing Defendant's Second Motion for Sanctions (Doc. 211), reviewing the response to the Second Motion for Sanctions (Doc. 212), and preparing Defendant's Notice Concerning Pending Sanctions Motions and Compliance with Order [D.E. 218] (Doc. 219). *See* Doc. 233 at 15–16. Before the Court is Defendant's response to the Court's Order which seeks an award of fees pursuant to the lodestar formula of $16,415 or, at a minimum, $10,713 in fees and $117.23 in costs. (Doc. 234).

Plaintiff Diagnostic Leasing, Inc., for itself and as assignee of Blocker Transfer Company d/b/a Blocker Transfer and Storage ("Plaintiff"), files a memorandum in opposition. (Doc. 235). First, Plaintiff sets forth the credentials of attorney Kevin C. Ambler ("Ambler"), who is lead counsel for Plaintiff. Next, Plaintiff states the response is being verified by Plaintiff through Ambler who "has been directly involved in all of the circumstances that precipitated the Defendant's filing of its Second Motion for Sanctions." (Doc. 235 at 2). Ambler acknowledges that he takes full and sole responsibility for any sanctions that the Court determines should be imposed under the June 7, 2019 Order. *See id.*

Before addressing the amount of fees and costs sought by Defendant, Plaintiff attempts to reargue the merits of the second motion for sanctions. Plaintiff contends that emails submitted with Defendant's second motion for sanctions were incomplete and mischaracterized the substance of Plaintiff's responses. *Id.* at 3. In support of its argument, Plaintiff attaches an email from September 2018 which was not included in Defendant's submission. Additionally, Plaintiff argues

2

that Defendant made significant misrepresentations by omission in Defendant's failure to include the September 2018 email in its motion and the failure to include the revised and marked-up copy of the Joint Statement of Agreed Principles of Law which was an attachment to an email sent in September 2018.

To the extent Plaintiff's response is seeking reconsideration of the Court's June 7, 2019 Order, the request is denied. "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Courts generally recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Id.*

Additionally, a motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment. *See Arthur v. King*, 500 F.3d 1335, 1343-44 (11th Cir. 2007); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is "committed to the sound discretion of the district judge." *O'Neal*, 958 F.2d at 1047.

In its response, Plaintiff raises issues already presented and argued. Additionally, the documents it seeks to supplement the record with are from 2018 and would not be considered new

evidence. Plaintiff cites no intervening change in controlling law and fails to demonstrate any error, let alone clear error or manifest injustice. There is no basis to support the Court reconsidering its prior ruling.

## A. Attorney's Fees

Defendant seeks an award of attorney's fees for 54 hours of work. At rates ranging from $110 to $220 per hour, the amount of fees to be awarded would equal $10,713.00. However, Defendant submits that pursuant to the lodestar formula, hourly rates of $110, $300, and $400 should be assessed for a total fee award of $16,415.00. Doc. 234 at 8. In response, Plaintiff argues that the proposed fees are grossly inflated, duplicative of prior efforts, and inclusive of time spent on tasks outside the scope of the June 7, 2019 Order. Doc. 235. Plaintiff also argues that only Dennis M. Campbell, Esquire submitted an affidavit, and no affidavit was provided by the associate attorney or paralegals. *Id.* at 11–12.

In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Id.* at 1299; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). In determining what is a "reasonable" hourly rate and what number of compensable hours is "reasonable," courts will consider the twelve *Johnson* factors.[1] *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). Here, Defendant proffers

---

[1] "Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Bivins*, 548 F.3d at 1350 (citing *Johnson*, 488 F.2d at 717–19).

specific time records for attorney Dennis Campbell, who is lead trial counsel; associate attorney Vanessa Brizo; and paralegals Gail Schmied and Raquel Anthony (Doc. 234-1) and submits the following summary of the hours expended and rates billed to their client:

| | | | |
|---|---|---|---|
| Dennis M. Campbell | 6.9 hours | $220/hour | partner |
| Vanessa Brizo | 44.6 hours | $200/hour | associate |
| Raquel Anthony | 1.1 hours | $110/hour | paralegal |
| Gail Schmied | 1.4 hours | $110/hour | paralegal |

Doc. 234-2. Defendant argues that consideration of the *Johnson* factors supports a fee award at a higher hourly rate.

    1.    *Reasonable Hourly Rate*

In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.* A court may also use its own judgment and expertise to make an appropriate independent assessment of the value of an attorney's services. *See id.* at 1303.

In its motion, Defendant submits that reasonable hourly rates compensable for the attorney and paralegal time in this case should be $400 per hour for attorney Campbell's time, $300 per

hour for attorney Brizo's hours, and $110 per hour for paralegal time. Doc. 234 at 8. Managing partner Dennis Campbell has been practicing law in Florida over 40 years. A 1978 graduate of the University of Florida College of Law with honors, he has been primarily handling complex commercial litigation in state, federal, and Bankruptcy courts throughout the State of Florida. He is admitted to practice in the Southern, Middle and Northern Districts of Florida, the Eleventh Circuit Court of Appeals, and the United States Supreme Court. Vanessa Brizo is an associate supervised by Campbell and working with him on this case. Brizo graduated from St. Thomas University School of Law in 2013 where she was Editor of the St. Thomas Law Review.

In support of the requested hourly rates, Defendant submits the affidavit of Michael E. Reed, Esquire, managing partner for the Tampa office of Wicker Smith O'Hara, McCoy & Ford law firm ("Wicker Smith"). Attorney Reed opines that the rates charged by the attorneys here of $220 and $200 per hour are significantly below the Tampa marketplace rates. (Doc. 234-5). Additionally, Defendant attaches the results of a 2018 Florida Bar Economics and Law Office Management Survey to support the claim that the hourly rates charged by Campbell and Brizo are well below the market rates for attorneys in Florida. Doc. 234-3.

Reed opines that attorneys in Hillsborough County with twenty years of experience, such as Campbell, charge rates between $450 and $550 per hour. He further states that associates with five years of experience or more typically charge between $350 and $450 per hour and paralegal rates range from $100 to $200 per hour. Doc. 234-5.

Plaintiff's counsel responds that he does not oppose a $220 hourly rate for attorney Campbell or the $110 for paralegal time but argues that associate Brizo's time should be billed at no more than $125 per hour. Doc. 235 at 17.

In the Court's experience, the rates proposed by Reed, while perhaps appropriate in highly complex litigation matters, are not supported by the local market for insurance counsel. His broad statements as to rates charged by attorneys in the community fail to take into account the specific practice area involved in this particular matter. In this Circuit, conclusory statements as to reasonableness of rates is not satisfactory. *See Norman*, 836 F.2d at 1301. Reed here has failed to focus his analysis to attorneys performing comparable insurance work which is typically at a lower hourly rate than corporate or complex litigation matters. Moreover, the Florida Bar survey submitted on behalf of Defendant reflecting standard hourly rates charged by attorneys in the State of Florida does not necessarily provide the Court with any guidance where the survey does not take into consideration practice areas and only accounts for responses from those willing to participate in the survey. Moreover, the relevant market for a determination of a reasonable hourly rate is the district in which the case is filed, not the entire State. *See ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).

A reasonable hourly rate must incorporate considerations of the relevant market and the practice area. Reed's affidavit does not provide justification for paying Defendant more than what it would have actually paid its counsel for the work performed. The Court finds that the rates counsel charged their client in their fee contract are appropriate here. These hourly rates are more in line with hourly rates charged by insurance counsel in the Tampa Bay area. Accordingly, the Court finds that reasonable hourly rates for the work performed are: $220 per hour for attorney Campbell's time, $200 per hour for attorney Brizo's time, and $110 per hour for paralegal time.

    2.    *Hours Reasonably Expended*

The "fee applicant bears the burden of establishing entitlement and documenting appropriate hours." *Norman,* 836 F.2d at 1303. Unnecessary, redundant, or excessive hours should

be excluded from the reasonable number of hours expended. *Id.* at 1301 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity. *Id.* at 1303 (citing *Hensley*, 461 U.S. at 437 n.12). Accordingly, the applicant is expected to exercise "billing judgment" and should not expect compensation for hours "spent on activities for which [they] would not bill a client of means who was seriously intent on vindicating similar rights." *Id.* at 1301.

The Court's Order limited the fees and costs that Defendant can recover to work associated with the Second Motion for Sanctions, specifically in connection with preparing and filing the Second Motion for Sanctions (Doc. 211), reviewing the response to the Second Motion for Sanctions (Doc. 212), and preparing Defendant's Notice Concerning Pending Sanctions and Compliance with Order (Doc. 219). *See* Doc. 233 at 16. In its motion, Defendant seeks recovery of 6.9 hours for time spent by attorney Campbell on legal work associated with the second motion for sanctions. Doc. 234-2 at 2. Additionally, Defendant seeks 2.5 hours in paralegal time for Raquel Anthony (1.1 hours) and Gail Schmied (1.4 hours). *Id.* Plaintiff does not oppose these hours requested by Campbell, Anthony, and Schmied. Doc. 235 at 13. Accordingly, the Court will award $1518 for Campbell's time and $275 for paralegal time.[2]

Regarding attorney Brizo, Defendant submits 44.6 hours of time was spent by Brizo in connection with the Second Motion for Sanctions. Plaintiff argues that the 44.6 hours expended by Brizo to research and draft the Second Motion for Sanctions is excessive, particularly where much of the arguments and legal analysis were covered in the First Motion for Sanctions. Plaintiff

---

[2] Campbell: $220 x 6.9 = $1518; Paralegals: $110 x 2.5 = $275.

submits that no more than five to eight hours should be compensable for the legal work performed by the associate attorney on the Second Motion for Sanctions. Doc. 235 at 16.

The Court has reviewed the time records submitted on behalf of the Campbell Law Firm.[3] Doc. 234-1. Review of the time records reveals 4.8 hours of time spent by Brizo for research referenced on entries dated October 1, September 20, and September 27, 2018. This amount of time spent on research does not appear excessive or unnecessarily duplicative of time that would have been spent on the initial motion, and the Court will allow these hours. The entries identified as "drafting" the Second Motion for Sanctions total 20.9 hours. Given the motion's representation that attorney Brizo "did the bulk of the research and drafting of the Second Motion for Sanctions" (Doc. 234 at 7) and the fact the motion was prepared for a corporate client, the Court finds the number of hours requested by Brizo for these activities to be reasonable.

The Court finds that the 9.9 hours spent in one day drafting and compiling a chronology of the events and communications on September 25, 2018, while arguably relevant and necessary, seems excessive. The Court will reduce these entries by a total of 3.0 hours. Finally, review of the records reveals the remainder of the hours were spent reviewing court filings, communications to and from opposing counsel, and reviewing documents for the sanction motion. These entries do not appear to be redundant or excessive. While one communication to opposing counsel seemed to require more time than may be typical for a correspondence (entry of 1.6 hours on September 18 for drafting correspondence to Ambler regarding unagreed language in the statement of undisputed legal issues), such communication was at the heart of the dispute and it is not wholly unexpected that extra time would be spent by a six-year attorney communicating with an attorney such as Ambler who has been practicing for over thirty years. Upon review of the time records,

---

[3] By the Court's calculation, attorney Brizo's hours totaled 45.4, not 44.6 hours. However, the Court will limit its consideration to 44.6 hours, the number of hours requested by Defendant in its motion.

the Court finds reasonable the requested time of 44.6 hours minus a 3.0-hour reduction for the September 25, 2018, entries, for a total of 41.6 hours compensable for Brizo's time. Accordingly, the Court awards $8,320 for attorney Brizo's time based on 41.6 hours at a rate of $200 per hour. Thus, total fees to be awarded for Campbell, Brizo, Anthony and Schmied's time equals $10,113.[4]

**B.     Costs**

In general, 28 U.S.C. § 1920 governs the assessment of costs. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 760 (1980) ("history suggests that § 1920 and § 1927 should be read together"). Under § 1920, the Court may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A. § 1920. Defendant seeks $117.23 in costs for Westlaw charges. (Doc. 234-6 at 5). Computerized legal research charges are not recoverable under § 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). Although the Court found above that the attorney time associated with conducting and reviewing the legal research is appropriately compensable, the Court will not assess the cost of the Westlaw usage in accordance with those cases interpreting § 1920.

Accordingly, upon consideration, it is hereby

**ORDERED** that Defendant Associated Indemnity Corporation's construed motion for attorney's fees and costs (Doc. 234) is **GRANTED in part** as follows:

---

[4] $1518 for Campbell + $275 for paralegals + $8320 for Brizo = $10,113.

1. Kevin C. Ambler, Esquire is assessed sanctions against him in the amount of $10,113 to be paid by attorney Ambler to Associated Indemnity Corporation in care of its counsel, **within thirty (30) days** from the date of this Order.

2. Within **five days** of making his payment to Associated Indemnity Corporation, Kevin C. Ambler shall file a notice with the Court confirming compliance with same.

**DONE** and **ORDERED** in Tampa, Florida on August 10, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any